_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

The Honorable Judge John H. Chun

DEC 19 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-065 JHC |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| PHUONG NGUYEN LE, | |
| Defendant. | |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Brian J. Wynne of the Western District of Washington and Phuong Nguyen Le and Phuong Nguyen Le's attorney Gregory Geist enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

a.    Possession of Controlled Substances with Intent to Distribute, a lesser included offense of Count 2 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

b. Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 924(C)(1)(A)(i).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a. The elements of Possession of Controlled Substances with Intent to Distribute, a lesser included offense of Count 2 of the indictment, are as follows:

*First*, Defendant knowingly possessed fentanyl; and

*Second*, Defendant possessed it with the intent to distribute it to another person;

b. The elements of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3 of the indictment, are as follows:

*First*, Defendant committed the crime of Possession of a Controlled Substance with Intent to Distribute, as charged in Count 2 of the indictment, which is a drug trafficking crime; and

*Second*, Defendant knowingly carried a firearm during and in relation to that crime.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Possession of Controlled Substances with Intent to Distribute, a lesser included offense of Count 2 of the indictment: A maximum term of imprisonment of up to 20 years; a fine of up to $1,000,000.00; a period of

supervision following release from prison of up to three years; and a mandatory special assessment of $100.00. If a probationary sentence is imposed, the probation period can be for up to five years.

b. For the offense of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 2: A maximum term of imprisonment of life and a mandatory minimum sentence of five years, which must be served consecutively to any other sentence; a fine of up to $250,000.00; a period of supervision following release from prison of up to five years; and a mandatory special assessment of $100.00. If a probationary sentence is imposed, the probation period can be for up to five years.

Pursuant to this Plea Agreement and conditioned upon Defendant's fulfillment of all its terms and conditions, the United States agrees not to file an enhanced penalty information alleging Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a. Shortly after 8:00 p.m. on February 24, 2023, a person called 911 after observing the driver of a Mercedes fire a gun from the driver's side of the vehicle near the intersection of South King Street and Tenth Avenue South in Seattle, Washington within the Western District of Washington. The 911 caller described the vehicle involved as a white Mercedes "C" class model.

b. Officers responded to the scene and found five 9mm cartridge casings.

c. Shortly after the 911 call was placed, members of the Seattle Police Department observed a Mercedes matching the description provided by the 911 caller stopped at a gas station approximately one-half mile away. The officers followed the vehicle as it left the gas station. Eventually the officers activated their vehicle's emergency equipment and stopped the vehicle in Seattle.

d. LE, who was driving the Mercedes, was ordered out of the vehicle along with his passenger. The officers advised LE of his constitutional rights and detained him pending a show-up identification.

e. While awaiting the witness's arrival to the location of the Mercedes, officers saw a fired cartridge casing on the driver's side floorboard of the vehicle.

f. The 911 caller arrived at the scene and positively identified LE as being the person who fired the firearm from the Mercedes.

g. LE provided the officers consent to search the Mercedes. Prior to the search of the Mercedes, LE said the bags inside the vehicle all belonged to him. Inside the vehicle, officers recovered a loaded Springfield Armory XD-9 9mm handgun under the front passenger seat, two fired cartridge casings, a magazine with ammunition, approximately $4,400 in United States currency, ledger, baggies, and controlled substances packaged separately. In total, investigators found approximately 126.6 grams of crack cocaine, 84 grams of heroin, and 54.8 grams of fentanyl.

h. Officers transported LE to the Seattle Police Department Headquarters, where he met with detectives. There, LE admitted to shooting the 9 mm handgun from vehicle at approximately South King Street and Tenth Avenue South. He also said the controlled substances belonged to him and that he sold controlled substances for income.

i. The Armory XD-40 9mm caliber semi-automatic handgun LE possessed meets the definition of a firearm under Title 18, United States Code, Section 921(a)(3).

j. LE admits he possessed the above-listed controlled substances with the intent to distribute them to others for his financial gain. He further admits he carried the Armory XD-40 9mm caliber semi-automatic handgun during and in relation to a drug trafficking crime, namely Possession of a Controlled Substance with the Intent to Distribute, in order to protect himself, the controlled substances, and his drug proceeds.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. As to Count 1, a base offense level of 24, pursuant to USSG § 2D1.1(c)(8); and

b. As to Count 2, a 60-month mandatory minimum, pursuant to USSG § 2K2.4.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 90 months. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose

Plea Agreement - 8
*United States v. Phuong Le*, CR23-065 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately his right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of the offense of Possession of a Controlled Substance with Intent to Distribute, a lesser included offense of Count 2. All such property is forfeitable pursuant to Title 21, United States Code, Section 853(a).

Defendant further agrees to forfeit to the United States immediately his right, title, and interest in any firearms involved in his commission of the offense of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, as charged in Count 3. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant agrees not to file any claims to any such property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated.

Plea Agreement - 9
*United States v. Phuong Le*, CR23-065 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding. Defendant also agrees that he will not file a claim in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, with respect to the above-described cash in the amount of $4,400, or assist any party who may file a claim to this currency. Defendant further knowingly waives any rights he may have to contest the timing of any such administrative forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, in which the Defendant has any interest or control, if said assets facilitated and/or constitute proceeds of his commission of Possession of a Controlled Substance with Intent to Distribute (a lesser included offense of Count 2) or if said assets are firearms and ammunition involved in his commission of Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count 3).

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and moves to dismiss the remaining count in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the

Plea Agreement - 10
*United States v. Phuong Le*, CR23-065 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 11
*United States v. Phuong Le*, CR23-065 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 12
*United States v. Phuong Le*, CR23-065 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

//

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19th day of December, 2024.

PHUONG NGUYEN LE
Defendant

GREGORY GEIST
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

BRIAN J. WYNNE
Assistant United States Attorney